UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON GILL,

    Plaintiff,

v.

                                Case No. 15-cv-12785

                                HONORABLE AVERN COHN

DR. BRADY,

    Defendant.
_____/

**MEMORANDUM AND ORDER DISMISSING COMPLAINT
AND DENYING AS MOOT PLAINTIFF'S APPLICATION
FOR APPOINTMENT OF COUNSEL (Doc. 3)**

**I. INTRODUCTION**

This is a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff Milton Gill is a state parolee residing in Detroit. The defendant, Dr. Brady, is or was a medical provider at a state prison in Adrian, Michigan. The complaint and exhibits allege that Plaintiff is a chronic care patient and that he was deprived of medical services, including medication for chronic pain and an appointment with a pain specialist, while he was incarcerated at the Adrian prison. Plaintiff also appears to allege that he was transferred to another prison in retaliation for his grievances about not receiving appropriate medical treatment. He seeks money damages for alleged violations of his rights under the Eighth Amendment to the United States Constitution. For the reasons that follow, the complaint will be dismissed because Plaintiff has not stated a plausible claim for relief.

1

## II. LEGAL STANDARD

Federal district courts must screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To prevail on a claim under 42 U.S.C. § 1983, a prisoner must prove "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

Plaintiff brings his claim under the Eighth Amendment, which prohibits "cruel and unusual punishments." U.S. CONST., amend. VIII.

> A prison doctor violates the Eighth Amendment when she exhibits "deliberate indifference to [the] serious medical needs" of a prisoner. Estelle [v. Gamble, 429 U.S. 97, 104 (1976)]. An Eighth Amendment claim has an objective component and a subjective component. Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013). To be liable under the subjective component of this test,

> the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," id. at 835, but they must act with more than mere negligence, Miller v. Calhoun Cnty., 408 F.3d 803, 813 (6th Cir. 2005). . . .
>
> An official is deliberately indifferent where she (1) "subjectively perceived facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk." Comstock, 273 F.3d at 703 (citing Farmer, 511 U.S. at 837, 114 S.Ct. 1970).

Id. at 591.

Exhibits to the complaint indicate that Plaintiff received medical treatment while he was incarcerated. His bone of contention appears to be that, when he began seeing Dr. Brady in 2013, Dr. Brady discontinued his pain medication. This claim does not raise a plausible claim for relief.

" '[I]nterruption of a prescribed plan of treatment could constitute a constitutional violation,' Boretti v. Wiscomb, 30 F.2d 1150, 1154 (6th Cir.1991), because such an act could manifest deliberate indifference, Estelle, 429 U.S. at 104–05, 97 S.Ct. 285." Id. at 590. Here, however, an attachment to Plaintiff's complaint indicates that he consulted a medical provider and that the medical provider determined Plaintiff did not need Benadryl, nor any prescribed medication, for his pain. An administrative assistant responded to Plaintiff's grievance about the lack of medication as follows:

> Grievant's electronic medical record was reviewed. Documentation demonstrates grievant was seen by the medical provider on 6/20/13 in the chronic care clinic. It was documented grievant was convinced he needs Benadryl to help him sleep. The medical provider informed grievant that Benadryl is not used for sleep in the MDOC. If he has difficulty sleeping he needs to discuss this with Mental Health. The medical provider will discontinue Benadryl at the end of June 2013. Grievant may use over the counter medications for his chest wall pain. Grievant is encouraged to access health care through the kite process to address any current health care concerns.

Step II Grievance Appeal Response dated July 12, 2013.

A nurse who reviewed another grievance from Plaintiff about his pain medication being taken away wrote:

> Grievant is being evaluated, treated, diagnostic testing conducted and monitored by the Medical Provider. The M.P. is responsible for determining the most appropriate course of treatment. The Medical Provider is the medical authority and is responsible to manage the treatment plan of the inmate. Presently a specialist is not recommended for grievant. Grievant is encouraged to access health care through the kite process to address any current health care concerns.

Step I Grievance Response dated December 12, 2013, and reviewed on December 17, 2013. The nurse who responded at the next step of the grievance process reaffirmed that Plaintiff's medical needs were being addressed. See Step II Grievance Appeal Response dated January 15, 2014.

4

Plaintiff cannot show that Dr. Brady perceived facts from which to infer a substantial risk to Plaintiff, drew the inference, and then disregarded the risk to Plaintiff. Therefore, even assuming that Plaintiff has established a sufficiently serious medical need, he has failed to satisfy the subjective component of an Eighth Amendment claim, namely, a culpable state of mind.

Moreover, when "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff's allegations establish nothing more than a difference of opinion about whether he needed pain medication and an appointment with a pain specialist. A medical decision not to order certain measures does not constitute cruel and unusual punishment, Estelle, 429 U.S. at 107, and a mere "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." Kirkham v. Wilkinson, 101 F. App'x 628, 630 (6th Cir. 2004).

Plaintiff's allegation that state officials retaliated against him by transferring him to another prison when he complained about allegedly inadequate medical care also fails to state a claim. Nothing in the complaint or exhibits indicates that Dr. Brady was responsible for Plaintiff's transfer to another prison.

Furthermore, Plaintiff sues Dr. Brady in his official capacity for money damages. State officials sued for damages in their official capacity are not "persons" for purposes of a lawsuit filed under 42 U.S.C. § 1983. Hafer v. Melo, 502 U.S. 21, 27 (1991).

5

## IV.  CONCLUSION

For the reasons stated above, Plaintiff has failed to establish a violation of his constitutional rights or show that the defendant is liable for the misconduct alleged. The complaint therefore lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted.

Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).  Given this determination, Plaintiff's application for appointment of counsel (Doc. 3) is DENIED AS MOOT.  Finally, the Court certifies that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2015
   Detroit, Michigan

6